UNITED STATES of America, Appellee,

v.

Charles S. CHRISTOPHER,
Defendant-Appellant.

No. 465, Docket 76–1334.

United States Court of Appeals,
Second Circuit.

Argued Nov. 17, 1976.

Decided Dec. 7, 1976.

Frederick T. Davis, Asst. U. S. Atty., New York City, Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., New York City, for appellee.

Frank S. Wright, Dallas, Tex., for defendant-appellant.

Before LUMBARD, FRIENDLY and MULLIGAN, Circuit Judges.

PER CURIAM:

Charles S. Christopher appeals from a judgment of conviction entered on June 29, 1976 in the United States District Court for the Southern District of New York, after a plea of guilty before Hon. Thomas P. Griesa, United States District Judge. Christopher, then president and chairman of the board of Surety Industries, Inc., in Dallas, Texas, retained Richard Geyer, a private detective, to use surreptitious listening devices to intercept the content of various meetings of his principal competitor in New York City. Geyer registered in Room 1332 of the Plaza Hotel in New York and purchased certain equipment from a New York supplier in his hotel room. He advised the supplier that he was seeking to monitor conversations in the adjacent Room 1334 which was occupied by an insurance broker who was scheduled to attend a meeting with Christopher's competitor. Geyer had recorded Christopher's telephone conversation with him which was on one of two cassette tapes in his Plaza Hotel room. He also possessed several papers containing, *in-*

*ter alia*, a description of the conference room where Christopher's competitors were to meet. Alerted by the seller of the "bugging" equipment, a criminal investigator of the United States Attorney's office procured a search warrant from a Magistrate in the Southern District of New York intended for Room 1332 of the Plaza Hotel on March 18, 1975. Special agents of the Federal Bureau of Investigation kept the room under surveillance and after having been advised that the search warrant had been issued, arrested Geyer as well as a Christopher employee at the hotel. Upon receipt of the search warrant, Room 1332 was searched and the cassettes and papers described were seized. On August 27, 1975 Christopher and Geyer were indicted in one count for conspiracy to violate the laws of the United States, 18 U.S.C. § 371, and in other counts for substantive crimes relating to surreptitious eavesdropping by electronic devices, 18 U.S.C. § 2511. Prior to trial Christopher moved to suppress the material seized and on April 27, 1976 Judge Griesa denied the motion. Christopher then pleaded guilty to one of the substantive counts with the express stipulation that he be able to appeal to this court the denial of his motion to suppress.

 We agree with the district court's determination that Christopher lacked standing to suppress the objects seized in Room 1332. He was not present at the time of the search and seizure and he had no interest in the premises. The tape cassettes, as well as the papers sent to Geyer, were his property and not that of Christopher. Geyer had the right to tape his own telephone conversations. *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). We agree with the decision below that Christopher had no standing to move to suppress. *Brown v. United States*, 411 U.S. 223, 229, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).

 The argument that Christopher was improperly denied a hearing on the motion to suppress is without merit. Aside from his lack of standing, Christopher has shown no infirmity in the search warrant

procedure. *United States v. Dunnings*, 425 F.2d 836, 840 (2d Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970). There is no question raised as to probable cause, but Christopher claims falsehood in the affidavit which led to its issuance. In one sentence the informant is described as being present in Room 1334 rather than 1332. A reading of the entire affidavit indicates without question that both Geyer and the informant were in Room 1332 and that there could be no reasonable possibility of confusion on the part of the Magistrate. For the first time on appeal, Christopher also points out that the warrant issued was directed to Room 1334. Since Christopher stipulated that he retained the right to appeal the motion he had made, we have no appellate jurisdiction to consider an issue he had not raised in his motion below. In any event, the transposition of room numbers was clearly accidental. There was no question but that the room which was intended to be the object of the search and which was searched was Room 1332. *United States v. Companile*, 516 F.2d 288, 291 (2d Cir. 1975).

The judgment of conviction is affirmed.