The UNITED STATES of America

v.

Demond WAKER, Defendant.

No. 06–CR–48E.

United States District Court, W.D. New York.

Nov. 1, 2006.

Terrance P. Flynn, United States Attorney, Joel L. Violanti, Assistant United States Attorney, of. Counsel, Buffalo, NY, for The United States of America.

Michael J. Stachowski, Esq., Buffalo, NY, for Defendant.

## MEMORANDUM and ORDER [1]

ELFVIN, Senior District Judge.

### *INTRODUCTION*

Defendant Demond Waker is charged in a two-count indictment with unlawfully and

---

[1]. This decision may be cited in whole or in any part.

knowingly possessing ammunition affecting commerce and unlawfully and knowingly possessing firearms affecting commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 13, 2006 the case was referred to Magistrate Judge Leslie Foschio for all pretrial matters. On April 17, 2006, Waker filed pre-trial motions seeking both dispositive and non-dispositive relief, including a Bill of Particulars, discovery and suppression of certain evidence. At oral argument on these motions, all outstanding matters were resolved [2] except for Waker's request for a Bill of Particulars and his motion to suppress evidence obtained pursuant to a purportedly invalid search warrant. On June 26, 2006 Magistrate Judge Foschio issued a Report and Recommendation ("R & R") and Order wherein he denied the motion for a Bill of Particulars and recommended that the suppression motion be denied. On July 7, 2006 Waker filed objections to that portion of the R & R relating to the suppression motion, arguing that the search warrant was defective on its face and, therefore, the items seized under the warrant should be suppressed. Oral argument on the objections was held on September 29, 2006 and the matter submitted for decision by the Court on that date.

### BACKGROUND

Familiarity with the R & R is presumed, hence the facts will be discussed only as

they relate to Waker's objections. The search warrant at issue was executed at 2777 Elmwood Avenue, Tonawanda, N.Y. on April 25, 2005. The warrant was issued by Magistrate Foschio, also on April 25, 2005, for the upper apartment at that address and was based on the Application and Affidavit of FBI Criminal Enterprise Task Force ("CETF") Agent Daniel Granville. Upon execution of the warrant, CETF agents encountered Waker and an individual named Jonathan Fields. Inside the apartment, CETF agents recovered, *inter alia*, a shotgun shell from inside Waker's pants pocket and other firearms and ammunition from within the apartment. Waker told the agents that he had resided at the apartment since April 24, 2005. Records checks confirmed that Waker is a convicted felon and that the firearms and ammunition were manufactured outside of New York state and the United States and hence, were necessarily transported here through interstate or foreign commerce.

Waker argued before the Magistrate that the search warrant was invalid because (1) it contained an incorrect handwritten date indicating that it was to be executed by April 30, "2004", rather than "2005" [3]; (2) the items to be seized were not sufficiently particularized as required by Federal Rules of Criminal Procedure ("F.R.Cr.P.") 41 and the Fourth Amendment to the U.S. Constitution [4], and (3)

**2.** The Report and Recommendation contains a description of the matters resolved which include defendant's requests pursuant to Fed. R.Evid. 403, 404(b), 609, 702, 703 and 705, and for *Brady, Giglio* and Jenks Act materials.

**3.** The date was incorrectly handwritten by the issuing Magistrate, Judge Foschio, at the time the warrant was granted. The warrant also contains the date and time it was issued as April 25, 2005 at 3:00pm and the Return indicates that it was executed immediately

thereafter, at 3:15pm on that same date. See Court Exhibit A, Dkt. # 20 herein.

**4.** Rather than particularizing the items to be seized on the face of the warrant, the warrant referred to the Affidavit in support of the warrant and incorporated by reference such Affidavit, also stating that the Affidavit describes the items which are fruits, evidence and instrumentalities of violations of 18 U.S.C. 922(g)(1).

there was no probable cause in support of the Affidavit which formed the basis for the warrant. The government argued that the handwritten date error was insignificant, the warrant complied with F.R.Cr.P. 41 and the Fourth Amendment, and nonetheless the search was valid under *United States v. Leon*[5] because it was not so facially lacking in validity so as to preclude the officer's good faith reliance thereon.

The R & R addressed all of these arguments, finding that the date discrepancy was a clerical error that did not render the warrant invalid, that incorporation by reference of an Affidavit in support of a warrant that is attached to the warrant sufficiently satisfies the requirements of the Fourth Amendment and F.R.Cr.P. 41, and also that there were ample facts contained in the Affidavit to support a finding of probable cause for the issuance of the warrant. The Magistrate also provided detailed reasons for his denial of Waker's request for a Bill of Particulars.

## DISCUSSION

The District Court "shall make à *de novo* determination of those portions of the * * * [R & R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz*, 447 U.S. 667, 675–676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Sieteski v. Kuhlmann*, 2000 WL 744112, at * 1 (W.D.N.Y.2000). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge", and may adopt those parts of the R & R to which no specific objection is raised so long as such are not clearly erroneous. 28 U.S.C. § 636(b)(1)(C); *see also Black v. Walker*, 2000 WL 461106, at *1 (W.D.N.Y.2000). Objections to a R & R in this District are also governed by Rule 58.2 of the Local Rules of Criminal Procedure for the United States District Court for the Western District of New York ("Local Rules"). Local Rule 58.2(a)states in pertinent part that:

"(1) Review of a Magistrate Judge's orders or of his or her proposed findings of fact and recommendations for disposition shall be governed by 28 U.S.C. § 636(b)(1)."

\* \* \* \* \* \*

"(3) A party may object to proposed findings of fact and recommendations for dispositions submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), by filing * * * written objections to the proposed findings and recommendations within ten days * * *. The written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

Magistrate Foschio's denial of the Bill of Particulars is a non-dispositive order to which no objection was made and is therefore deemed final. Local Rule 58.2(a)(2).

Waker did not raise the issue of probable cause, objecting only to the Magistrate's findings regarding the date discrepancy and the incorporation by reference technique of particularizing the items to be seized, arguing that, for these reasons, the warrant is facially deficient. Waker urges the Court to decline to adopt the Magistrate's findings, invalidate the warrant and suppress the items seized. He argues that Magistrate Foschio's reliance upon certain cases in support of his findings was misplaced. This is essentially a claim that Magistrate Foschio incorrectly applied the law with respect to both the analysis of the incorrect date on the Warrant and the

---

**5.** 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677(1984).

particularization requirements of the Fourth Amendment. The Court will therefore make a *de novo* determination of these portions of the R & R.

### The Date Discrepancy.

■ The Court rejects Waker's arguments on this issue. Some of the cases cited by the Magistrate involved clerical errors relating to the location subjected to the warrant [6], while other cases addressed a variety of clerical errors such as an incorrect date, discrepant names, incorrect statute citation or a failure of the Magistrate to sign the Warrant [7]. The Court sees no distinction requiring a different analysis of the types of errors in the cases relied upon by the Magistrate and the type of error presented here. Waker's position in this regard is not only disingenuous (as noted by the Magistrate—see Dkt. # 21 at p. 11), it belies the reality of the process wherein the law enforcement official herein contemporaneously applied for the warrant, appeared before the Magistrate, obtained the warrant and immediately proceeded to the property and executed it. The warrant is clearly dated April 25, 2005 and states a time notation of 3:00 p.m. The Return, indicating that the warrant was executed, is dated the same day and contains a time notation of 3:15 p.m. Considering these facts, it is clearly reasonable for the Court to find, and for the executing officers to believe, that the incorrect "to be executed by" date was merely an insignificant scrivener's error. *See,* fn. 6 & 7; *see also United States v. Christopher,* 546 F.2d 496, 497 (2d Cir. 1976) (transposition of hotel room numbers would not invalidate warrant); *United States v. Maxwell,* 45 M.J. 406, 420 (U.S. Armed Forces 1996)(error in listing defendant's e-mail screen name did not invalidate warrant); *United States v. Fang,* 1993 WL 51100, *2–3 (S.D.N.Y. 1993) (transposition of numbers of street address does not invalidate warrant); *United States v. Larracuente,* 740 F.Supp. 160, 164–65 (E.D.N.Y.1990)(same).

Even if the Court were to hold that the Magistrate's scrivener's error was not insignificant, but an error of constitutional dimension, it would not justify application of the exclusionary rule herein.

"An error of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the judge, not the police officers, who made the critical mistake". "[T]he exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges." *Illinois v. Gates,* 462 U.S. 213, 263, 103 S.Ct. 2317, 2346, 76 L.Ed.2d 527 (1983) (WHITE, J., concurring in judgment). Suppressing evidence because the judge failed to make all the necessary clerical corrections * * * will not serve the deterrent function that the exclusionary rule was designed to achieve."

*Massachusetts v. Sheppard,* 468 U.S. 981, 990, 991, 104 S.Ct. 3424, 3429 (1984). Therefore, the warrant will not be invalidated on the basis of the incorrect "to be executed by" date.

---

6. *Velardi v. Walsh,* 40 F.3d 569, 576 (2d Cir. 1994); *United States v. Garza,* 980 F.2d 546, 551–52 (9th Cir.1992); *United States v. Skinner,* 972 F.2d 171, 177 (7th Cir.1992).

7. *United States v. Souffront,* 338 F.3d 809, 822 (7th Cir.2003)(incorrect date); *United States v. McKenzie,* 446 F.2d 949, 954 (6th Cir. 1971)(same); *United States v. Longo,* 70 F.Supp.2d 225, 251–52 (W.D.N.Y.1999)(discrepant names); *United States v. Fruchter,* 104 F.Supp.2d 289, 306–07 (S.D.N.Y.2000) (incorrect statute citation); *United States v. Turner,* 558 F.2d 46, 52–53 (2d Cir.1977)(issuing magistrate forgot to sign the warrant).

### The Particularization Requirement

■ The Court rejects Waker's arguments on this issue as well. The Fourth Amendment specifies that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Waker's reliance on *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) [8], however, is misplaced and cannot be relied upon in support of a finding that the warrant herein violates the Fourth Amendment for failure to sufficiently particularize the items to be seized. The Court herein finds that the Magistrate's analysis of *Groh* is more accurate and appropriately applicable to the present case. *Groh* recognizes a distinction when a warrant, that may otherwise be facially deficient for failure to particularize the items to be seized, incorporates by reference the affidavit or application for the warrant which does particularly describe such items to be seized. In acknowledging this distinction, the Supreme Court stated:

"We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. *See, e.g., United States v. McGrew*, 122 F.3d 847, 849–850 (C.A.9 1997); *United States v. Williamson*, 1 F.3d 1134, 1136, n. 1 (C.A.10 1993); *United States v. Blakeney*, 942 F.2d 1001, 1025–1026 (C.A.6 1991); *United States v. Maxwell*, 920 F.2d 1028, 1031 (C.A.D.C.1990); *United States v. Curry*, 911 F.2d 72, 76–77 (C.A.8 1990); *United States v. Roche*, 614 F.2d 6, 8 (C.A.1 1980). But in this case the warrant did not incorporate other documents by reference, nor did either the affidavit or the application (which had been placed under seal) accompany the warrant. Hence, we need not further explore the matter of incorporation."

540 U.S. at 557–58, 124 S.Ct. at 1290.

Unlike the present case, where the warrant specifically incorporated by reference the agent's application affidavit which particularly described the items to be seized, the face of the warrant in *Groh* neither particularized the items to be seized nor incorporated by reference any application or affidavit that might have described such items and, for *both* of those reasons, it was held to be in violation of the Fourth Amendment. 540 U.S. at 554–55, 557–58, 124 S.Ct. at 1288, 1290.

■ While *Groh* did not decide the issue of incorporation by reference, it recognized its application by most Courts of Appeals and clearly did not overrule such practice. Further, authority in this District clearly allows such practice when the document containing the itemization is attached to the warrant. *See United States v. George*, 975 F.2d 72, 76 (2d Cir.1992)("A sufficiently specific affidavit will not itself cure an overbroad warrant. . Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference in the warrant itself and attached to it")(internal citation omitted), *citing United States v. Maxwell*, 920 F.2d

---

8. Waker cites *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284 as authority for this argument. There is no such case. The Court therefore construes that the *Groh* case, cited by the Magistrate and discussed in the R & R, most closely resembles Waker's position and was the intended case and citation.

1028, 1031 (D.C.Cir.1990)[9]. Indeed, most Circuits subscribe to this incorporation by reference practice in one form or another. *See,* 540 U.S. at 557–58, 124 S.Ct. at 1290. The rule in *George,* allowing a seemingly insufficiently particularized warrant to be cured, is plainly applicable herein where the face of the warrant stated as follows with respect to the description of the items to be seized:

> "[S]ee *attached* Affidavit as to of [sic] Items to be Seized, all of which are fruits, evidence and instrumentalities of violations of 18 U.S.C. § 922(g)(1) all of which are more fully described in the affidavit filed in support of this warrant *which is incorporated herein by reference.*"

Dkt. # 20 (emphasis added).

Of further concern to the Court in *George* was that "[m]ere reference to 'evidence' of a violation of a broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize." 975 F.2d at 76. The Court opined that without "some limitation curtailing the officers' discretion when executing the warrant, the safeguard of having a magistrate determine the scope of the search is lost." *Ibid.* While not solely determinative of the issue, this Court finds that these concerns of overreaching and overbreadth are diminished in the instant case by the fact that the agent who applied for the warrant was also substantially involved in its execution. Nevertheless, because the warrant herein both attached and incorporated by reference the affidavit containing the particularization, it satisfies the requirements of the Fourth Amendment.

Lastly, the Court finds that Magistrate Foschio's analysis of this matter in accordance with *United States v. Leon*[10], although sound and reasonable, is not necessary to the outcome herein. The warrant herein is not insufficient, deficient or invalid for any reason, and therefore determining whether or not the executing agents relied upon it in good faith is unnecessary.

### CONCLUSION

Therefore, for the above reasons, and upon a *de novo* review of the R & R, the objections and responses thereto, and upon hearing argument from the parties, the Court denies Waker's objections and hereby adopts the proposed findings and conclusions of the R & R.

It is hence **ORDERED** that Waker's objections (Dkt.# 22) to Magistrate Foschio's R & R (Dkt.# 21) are denied and the R & R is adopted in its entirety. It is further **ORDERED** that the parties are to appear before this Court on November 3, 2006 at 1:00 p.m. to set a date for trial.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This case was referred to the undersigned by the Hon. John T. Elfvin on February 13, 2006 for all pretrial matters. (Doc. No. 9). The matter is presently before the court on Defendant's motion seeking a bill of particulars and suppression of evidence. (Doc. No. 12).

### BACKGROUND

A criminal complaint was filed against Defendant Demond Waker ("Defendant")

---

**9.** The Court notes that the *Maxwell* case was also cited by the Supreme Court in *Groh, supra,* in recognizing this widespread practice.

**10.** *See* fn.5.

on April 27, 2005, charging Defendant with possession of a firearm affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). On January 31, 2006, Defendant was indicted in a two count indictment ("the Indictment") charging violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Specifically, Defendant was charged in Count I of the Indictment with unlawfully and knowingly possessing ammunition affecting commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count I"). Defendant is charged in Count II of the Indictment with unlawfully and knowingly possessing firearms affecting interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count II").

On April 17, 2006, Defendant filed his pretrial motion seeking both dispositive and non-dispositive relief, along with the Affirmation of Michael J. Stachowski, Esq.[1] (Doc. No. 12) ("Defendant's Motion") ("Stachowski Affirmation"). The Government filed a Response to Omnibus Motion on April 28, 2006 along with a copy of the Application and Affidavit of Daniel Granville for the search warrant at issue, dated April 25, 2005, ("Attachment 1 to Government's Response") (Doc. No. 13) ("Government's Response").[2] At oral argument, conducted on May 9, 2006, Defendant informed the court there were no outstanding discovery issues under Fed.R.Crim.P. 16. (Doc. No. 14). The court also DENIED, without prejudice to renewal before the District Judge, Defendant's request for Fed.R.Evid. 609 ("Rule 609") material. Id. Defendant's request for Brady and Giglio material was DENIED without prejudice, and the court DENIED

Defendant's request for Jencks Act material, stating that the Government will provide such at the direction of the District Judge. Id. The court directed the Government to provide to Defendant Fed.R.Evid. 403 and 404(b) material no later than two weeks prior to trial or as directed by the trial judge, and to provide to Defendant Fed.R.Evid. 702, 703 and 705 material at least 30 days prior to trial or in accordance with the schedule set by the District Judge. The court determined that the admissibility of Rule 609 material should be resolved at trial by the District Judge, and accordingly DENIED Defendant's request for production of Rule 609 material without prejudice. The court DISMISSED as moot Defendant's request for identification of informants and motion for leave to file additional motions. Defendant's remaining motions include a request for a bill of particulars and a motion to suppress evidence obtained pursuant to an invalid search warrant.

On May 19, 2006, in compliance with the court's request at oral argument for additional support for the Government's Response, the Government filed a Supplemental Response to Defendant's Motion to Suppress. (Doc. No. 15) ("Government's Supplemental Response"). Defendant filed, on May 26, 2006, a Supplemental Response to the Government's Supplemental Response. (Doc. No. 19) ("Defendant's Supplemental Response").

Defendant's motions remaining for disposition by the court thus includes Defendant's request for a bill of particulars and a motion to suppress evidence obtained pursuant to the search warrant (Court Exhibit A). Based on the following, Defen-

---

1. As Defendant's motion seeks both dispositive and nondispositive relief, the court addresses all issues in this combined Report and Recommendation and Decision and Order in the interest of efficiency.

2. As neither party attached to their respective papers a copy of the search warrant at issue on Defendant's motion, the court has docketed a copy of the warrant as Court Exhibit A.

dant's motion for a bill of particulars is DENIED; Defendant's motion to suppress should be DENIED.

### FACTS[3]

The charges in the Indictment arise from an investigation conducted by the FBI Criminal Enterprise Task Force ("CETF") of an alleged felony possession of a firearm that affected interstate and foreign commerce case. Based on the Application and Affidavit of CETF Agent Daniel Granville, Attachment 1 to Government's Response, ("Granville Affidavit") members of the CETF obtained a search warrant for the upper apartment at 2777 Elmwood Avenue in Tonawanda, New York which was issued by the undersigned on April 25, 2005 (Court Exhibit A). CETF personnel and Tonawanda Police Department Officers executed the search warrant on April 25, 2005 at approximately 3:15 p.m. Once inside the apartment, CETF personnel encountered Jonathan Fields and Defendant, who was also present, and placed each in custody. A security camera was located above the rear door of the apartment.

Inside the apartment, CETF agents recovered a Winchester 2 3/4 in–1 oz live shotgun shell from Defendant's pant's pocket, a CBC 12 gauge shotgun, serial # 133441, one green Remington Peters 12 gauge shotgun shell, and a Mossberg .22 Caliber Model 341, serial # 757765, loaded with a magazine containing three Remington .22 caliber rounds. Defendant told the officers he had been residing at the apartment since April 24, 2005.

A police records check revealed Defendant pleaded guilty in state court to attempted robbery, a felony under New York law, on August 10, 1995, as well as to attempted criminal possession of a con-

trolled substance, also a felony under New York law, on November 26, 1996. CETF Agent Daniel J. Granville ("Agent Granville") contacted the Bureau of Alcohol, Tobacco, and Firearms ("ATF") regarding the seized firearms and learned the Mossberg .22 Caliber Model 341, serial # 757765, was manufactured in Connecticut, and the CBC 12 gauge shotgun, serial # 133441, Model SB was manufactured in Brazil and imported to the United States through Miami, Florida. Based on this information, Agent Granville concluded the ammunition and firearms were previously transferred in interstate and foreign commerce and that Defendant violated 18 U.S.C. § 922(g)(1).

### DISCUSSION

#### I. Request for Bill of Particulars

■ Defendant requests, pursuant to Fed.R.Crim.P. 7(f) ("Rule 7(f)"), a bill of particulars seeking details as to the alleged violations under the Indictment. Stachowski Affirmation ¶¶ 4–6. Specifically, regarding Count I, Defendant requests that the Government state (1) whether the Government alleges Defendant's possession of ammunition was actual or constructive; (2) how Defendant "knew" the ammunition was possessed; (3) where in the apartment the ammunition was located "at the time of the seizure that is alleged to be part of the possessory crime"; and (4) where Defendant committed these acts. *Id.* ¶ 5(a-f). Under Count II, Defendant requests particularization as to (1) whether the Government alleges Defendant's knowledge of possession of the shotgun was actual or constructive; (2) how Defendant knew the shotgun was possessed; (3) how Defendant demonstrated "dominion and control" of the gun; (4) where in the apartment the gun was seized by law en-

---

**3.** Taken from the pleadings and papers filed in this action.

forcement; and (5) where Defendant committed these acts. *Id.* ¶ 6(a-h). Under a separate heading titled "Substantive Offenses," Defendant also requests that the Government particularize "the exact way" Defendant participated in the offenses which allegedly occurred on April 26, 2005. *Id.* ¶ (a) at 5. The Government contends that, in light of the allegations of the Indictment, and the extensive voluntary discovery provided to Defendant, the requested particularization is unnecessary and would constitute an unwarranted disclosure of evidentiary detail. Government's Response at 1.

■ Under Fed.R.Crim.P. 7(f), a court may direct the filing of a bill of particulars as justice requires. A defendant may seek particularization to identify with sufficient particularity the nature of the charges against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy if he should be prosecuted a second time for the same offense. *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Bortnovsky,* 820 F.2d 572 (2d Cir.1987); *United States v. Taylor,* 707 F.Supp. 696, 699 (S.D.N.Y.1989). The decision as to whether to direct further particularization is within the discretion of the court. *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir.1984).

■ The test as to whether to order particularization is "whether the information sought is necessary, not whether it is useful." *United States v. Matos–Peralta,* 691 F.Supp. 780, 791 (S.D.N.Y.1988), *aff'd sub nom., United States v. Benitez,* 920 F.2d 1080 (2d Cir.1990). The court will not order particularization where the government has provided the information requested either "in the indictment or some acceptable alternative form." *Bortnovsky, supra,* at 574; *United States v. Feola,* 651

F.Supp. 1068, 1133 (S.D.N.Y.1987) (whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to unobjected requests for particulars, prior proceedings, and the indictment itself may be considered in deciding whether to order particularization), *aff'd,* 875 F.2d 857 (2d Cir.1989), *cert. denied sub nom., Marin v. United States,* 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989). A bill of particulars should only be required "where the charges in the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Feola, supra,* at 1132. Further, "[a]cquisition of evidentiary detail is not the function of the bill of particulars." *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.) (denying request for bill of particulars identifying unindicted alleged co-conspirators referred to in indictment as "known and unknown" on the basis that such information was unnecessary to advise defendants of the specific acts of which they were accused), *cert. denied sub nom., Cruz v. United States,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990).

Counts 1 and 2 of the Indictment charge Defendant with substantive crimes including violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A fair reading of the Indictment as a whole provides sufficient detail of the substance of the charges regarding the dates and locale of the alleged conduct. As such, the Indictment sufficiently informs Defendant of the nature of the charges against him to permit adequate trial preparation and avoidance of unfair surprise without formal particularization. Moreover, the extensive voluntary discovery also renders Defendant's requests for further particularization unwarranted. Essentially, Defendant's requests seek the Government's theory of prosecution and specific evidence, and are therefore beyond

the scope of Rule 7(f). Accordingly, Defendant's motion for particularization is DENIED.

## II. Motion to Suppress Evidence

Defendant maintains the search warrant is invalid because (1) the warrant stated, in handwriting by the undersigned, the issuing judicial officer, it was to be executed by April 30, 2004, but was actually executed on April 26, 2005; (2) the items to be seized are not described with particularity in the warrant, as required by the Fourth Amendment and Federal Rule of Criminal Procedure 41 ("Rule 41"); and (3) there was no probable cause in the supporting affidavit. Stachowski Affirmation ¶¶ 76, 82, 83. In opposition, the Government contends that (1) the warrant complied with the Fourth Amendment and Rule 41 in that probable cause was established by the underlying affidavits; (2) because the warrant was issued on April 25, 2005 at 3:00 p.m., the date by which the warrant was to be executed, stated on the warrant as April 30, 2004, was an insignificant error; and (3) even assuming Defendant's theory has substance, the warrant was not so facially lacking in validity as to preclude the executing officer's good faith reliance thereon, pursuant to *United States v. Leon*, 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).[4] Government's Response at 14. In its Supplemental Response to Defendant's Motion to Suppress, the Government acknowledged that Agent Granville made averments on April 26,

2005 to support probable cause for issuance of the warrant, but the warrant was signed on April 25, 2005. Government's Supplemental Response at 2. In support of the warrant's validity, however, the Government contends this discrepancy is also an inconsequential error, and cites caselaw holding that such error is an insufficient basis for invalidating an otherwise validly issued search warrant. Government's Supplemental Response at 4. Defendant argues the Government's reliance on such cases is misplaced because none of the cases cited consider the issue of erroneous dates on a search warrant. Defendant's Supplemental Response at 2.

### A. Discrepancy in Issuance and Execution Dates of Warrant

In *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the Supreme Court refused to suppress evidence from a search based on a clerical defect made by the issuing judge contained in the search warrant. *Sheppard*, 468 U.S. at 990, 104 S.Ct. 3424 (defects in issuing judge's use of state form not sufficient to nullify otherwise valid warrant). Thus, courts usually consider typographical errors an insufficient reason to invalidate an otherwise valid search warrant. *Velardi v. Walsh*, 40 F.3d 569, 576 (2d Cir.1994) (where technical errors are resolved by other information, warrants upheld); *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir.2003) (where information gleaned

---

**4.** At page 12 of the Government's Response, the Government states that the warrant was dated April 26, 2005, instead of the actual date, April 25, 2005. Compare Court Exhibit A. Another discrepancy, not argued by Defendant, appears at paragraph 4 of the Granville Affidavit where it is asserted that surveillance at 2777 Elmwood took place on April 26, 2005, one day after the date the warrant was dated. Both the Application and the Granville Affidavit were dated April 25, 2005. At-

tachment 1 to Government's Response. As the application was filed April 26, 2005, Attachment 1 to Government's Response, it is therefore possible that the warrant was also erroneously dated April 25, 2005, but was actually issued April 26, 2005. Whether the dates in the Granville Affidavit or the date of the warrant are inaccurate by one day, based on the court's analysis herein, the warrant was valid.

from the complaint indicated the date on the face of the warrant was typographical error, warrant not invalid on its face), *cert. denied sub nom., Colon v. United States,* 540 U.S. 1201, 124 S.Ct. 1465, 158 L.Ed.2d 120 (2004); *United States v. Garza,* 980 F.2d 546, 551–52 (9th Cir.1992) (search upheld where warrant listed incorrect address); *United States v. Skinner,* 972 F.2d 171, 177 (7th Cir.1992) (substituting number "5" for the letter "S" in identification number was minor error); *United States v. Fruchter,* 104 F.Supp.2d 289, 307 (S.D.N.Y.2000) ("a typographical error in the warrant itself … is immaterial and does not require the extreme sanction of suppression or reversal of the warrant."); *United States v. Longo,* 70 F.Supp.2d 225, 251–52 n. 5 (W.D.N.Y.1999) (discrepant file names in search warrant and FBI report amounted to typographical error insufficient to undermine warrant's validity). As the Second Circuit has stated

> Warrants have been upheld despite "technical errors," such as an incorrect street address, when the possibility of actual error is eliminated by other information, whether it be a detailed physical description in the warrant itself, supplemental information from an appended affidavit, or knowledge of the executing agent derived from personal surveillance of the location to be searched.

*Velardi, supra,* at 576.

■ Additionally, more closely relevant to Defendant's challenge in this case, courts have upheld search warrants which have been signed a day earlier than the date recorded on the accompanying affidavit. *See United States v. McKenzie,* 446 F.2d 949, 954(6th Cir.1971). Moreover, suppression based on an asserted violation of Rule 41 is justified only where there has been (1) "an intentional and deliberate disregard of a provision in the Rule"; (2) where a defendant has been prejudiced by

the violation such that the search "might not have occurred" or "would not have been so abrasive if the Rule had been followed," and/or (3) where a defendant was "deprived of a substantial procedural safeguard" provided for in Rule 41. *United States v. Turner,* 558 F.2d 46, 52–53 (2d Cir.1977) (quoting *United States v. Burke,* 517 F.2d 377, 387 (2d Cir.1975)). In *Turner,* the court found because the magistrate determined there was probable cause for the search and authorized the issuance of the warrant prior to the search, the magistrate's failure to sign his name to the warrant did not invalidate the warrant. *Turner, supra,* at 50 ("As long as the magistrate in fact performs the substantive tasks of determining probable cause and authorizing the issuance of the warrant, the [Fourth] [A]mendment is satisfied.")

■ Upon review of the search warrant in question, the court finds that despite the erroneous latest date for execution, written as April 30, 2004 on the warrant, all other dates relative to the search warrant indicate that "2004" was an unintentional error. As the Government correctly contends, the month and year the search warrant and the Granville Affidavit were signed was manifestly April 2005. Government's Supplemental Response at 3–4. Based on this undisputed fact, it is disingenuous to argue, as does Defendant, Stachowski Affirmation ¶ ¶ 64, 87–88, the court intended the search to be executed not later than April 30, 2004, a year earlier. Instead, the sole reasonable inference upon these facts is that the court intended to write April 30, 2005 as the 10 day deadline for execution of the search warrant, but inadvertently wrote 2004, an error that neither the court, the Government's attorney, nor the agent noticed when the warrant was approved and issued.

■ Further, the undersigned observes it is his practice to initial an attachment to the warrant, or the supporting affidavit, if a description of the items to be seized (or premises to be searched) is not provided on the face of the search warrant itself, or the application, before approving a warrant where such description is made by reference to another document like the Granville Affidavit in this case. In this case, any discrepant dates between the warrant and the Granville Affidavit constitute inconsequential errors. *Turner, supra*, at 50. Therefore, Defendant's motion on this ground is without merit, and should be DENIED.

## B. Probable Cause

Defendant contends that the search warrant was issued without probable cause and in violation of Rule 41. Stachowski Affirmation ¶ 83. The Government responds by stating a review of Agent Granville's affidavit in its entirety supports the issuing court's probable cause determination. Government's Response at 14.

■ The Supreme Court has established the "totality of the circumstances" test for the determination of probable cause under the Fourth Amendment with regard to a search warrant. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under *Gates*, the issuing judicial officer must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* Further, resolution of marginal cases should be determined by the preference afforded to warrants. *United*

States v. Smith, 9 F.3d 1007, 1012 (2d Cir.1993).

■ In this case, the court finds there are ample facts contained in the affidavit of Agent Granville underlying the search warrant to support a determination of probable cause. In his affidavit, Agent Granville stated that surveillance of 2777 Elmwood Avenue revealed Jackie Crouch, who was wanted on an arrest warrant issued by the undersigned on April 22, 2005, exited the rear of the premises. Granville Affidavit ¶ 4. When taken into custody, Crouch advised the agents, who were about to approach 2777 Elmwood Avenue to request permission from the occupant to search the premises, to "be careful," instructing "[Y]ou guys better identify yourselves as Police [sic] cause they got cameras on the front door and a rifle in the house." *Id.* ¶ 6. Crouch also told agents that Jonathan Fields resided in the house and that "Jonathan" was among those in the house at the time they attempted to gain entry. *Id.* ¶¶ 5–6. Utility records confirmed that natural gas service to 2777 Elmwood Avenue, upper, was active and registered to Jonathan A. Fields. *Id.* ¶ 5. Additionally, Agents discovered that Fields was wanted on an outstanding state arrest warrant for unlicensed operation of a motor vehicle. *Id.* ¶ 7. A criminal records check revealed that Fields had pleaded guilty to a state felony, attempted robbery, and to attempted criminal possession of a weapon, also a felony under New York law. *Id.* Based on these facts, Agent Granville requested the search warrant asserting there was probable cause to believe "firearms, ammunition, documents and records regarding the ownership and/or possession of the searched premises, and other items as described in this affidavit ..." possessed by the tenant, Fields, a convicted felon, would be found at the

premises. Granville Affidavit at 5.[5]

Considering the totality of the circumstances as stated in the Granville Affidavit, including (1) the fact that Fields resided at 2777 Elmwood Avenue, upper; (2) that Fields had plead guilty in the past to two state felonies, one involving a crime of violence; and (3) Crouch's warning that there were firearms in the house, and, (4) the presence of electronic surveillance, the court finds there was a "fair probability that contraband or evidence of a crime" would be found at targeted residence. *Gates*, 462 U.S. at 214, 103 S.Ct. 2317. Further, "[a] defendant who argues that a warrant was issued on less than probable cause faces a very heavy burden." *United States v. Markey*, 131 F.Supp.2d 316, 322 (D.Conn.2001). By asserting generally that the warrant is unsupported by probable cause, Defendant has failed to satisfy the "heavy burden" of refuting the probable cause contained in the underlying affidavit. Finally, "[a]ny doubt regarding the existence of probable cause must be resolved in favor of upholding the warrant." *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir.1998), *cert. denied sub nom., Abouhalima v. United States*, 525 U.S. 1112, 119 S.Ct. 885, 142 L.Ed.2d 785 (1999). Based on the foregoing, the court finds the search warrant was supported by probable cause and, thereby also complies with Rule 41(d) (requiring probable cause of issuance of warrant). As such, Defendant's motion to suppress for lack of probable cause should be DENIED.

## C. Particularity

Defendant further asserts that the search warrant violates the particularity clause of the Fourth Amendment. Stachowski Affirmation ¶ 82. Specifically, Defendant states the search warrant failed to particularly describe the items law enforcement intended to seize. *Id.* The Government does not respond to this contention.

The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *See also Groh v. Ramirez*, 540 U.S. 551, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (holding search warrant which failed to particularly describe items or persons to be seized was facially invalid). Further, the Fourth Amendment requires that the warrant itself describe the items to be seized. *Id.* (citing *United States v. Stefonek*, 179 F.3d 1030, 1033 (7th Cir.1999)), *cert. denied*, 528 U.S. 1162, 120 S.Ct. 1177, 145 L.Ed.2d 1085 (2000). In *Groh*, the Supreme Court recognized, without deciding the issue, that

> most Courts of Appeals have held that a court may construe a warrant with reference to the supporting application or affidavit is the warrant uses words of incorporation, and if the supporting document accompanies the warrant.

*Groh, supra*, at 557–58, 124 S.Ct. 1284.

The Second Circuit has permitted reference to an affidavit to cure defects in the warrant's particularity where "it is incorporated by reference in the warrant itself and attached to it." *United States v. George*, 975 F.2d 72, 76 (2d Cir.1992). In *Groh*, the Supreme Court noted that, like the Second Circuit's holding in *George*,

---

**5.** Significantly, Defendant does not contend he was, as an occupant or resident present at the premises, invalidly searched by the agents in executing the warrant. *See Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465, 1470, 161 L.Ed.2d 299 (2005) (citing *Michigan v. Summers*, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (occupants properly detained during search of premises)).

*supra,* other courts have upheld warrants against particularity challenges which incorporate by reference supporting applications or affidavits "if the warrant uses the appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh, supra,* at 557–58, 124 S.Ct. 1284 (citing *United States v. McGrew,* 122 F.3d 847, 849–50 (9th Cir. 1997); *United States v. Williamson,* 1 F.3d 1134, 1136 n. 1 (10th Cir.1993); *United States v. Blakeney,* 942 F.2d 1001, 1025–26 (6th Cir.1991), *cert. denied,* 502 U.S. 1035, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992); *United States v. Maxwell,* 920 F.2d 1028, 1031 (D.C.Cir.1990); *United States v. Curry,* 911 F.2d 72, 76–77 (8th Cir.1990), *cert. denied, Curry v. United States,* 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991); *United States v. Roche,* 614 F.2d 6, 8 (1st Cir.1980)). In the instant case, the search warrant incorporates the attached Granville Affidavit by reference, Granville Affidavit 8 A & B, which particularly described the items to be seized during the search, and Defendant does not contend otherwise. *See* Court Exhibit A; Attachment 1 to Government's Response. Here, Agent Granville's Application for the search warrant referenced his affidavit in support of, and as attached to the Application, and the search warrant, which requested permission to search and seize ". . . firearms, ammunition, any documents relating to the purchase, ownership or possession of firearms or ammunition and, documents and records regarding the ownership and/or possession of the searched premises." Granville Affidavit at ¶ 8 A and B. Also, the warrant instructs agents who will execute the search to refer to the attached Granville Affidavit for a list of items they may seize. Court Exhibit A. Specifically, on its face the search warrant states

> see attached Affidavit as to of [sic] Items to be Seized, all of which are fruits, evidence and instrumentalities of violations of 18 U.S.C. § 922(g)(1) all of which are more fully described in the affidavit filed in support of this warrant which is incorporated herein by reference.

*Id.*

Thus, the warrant in the instant case is distinguishable from the warrant challenged in *Groh,* where "the warrant did not incorporate other documents by reference, nor did either the affidavit or the application . . . accompany the warrant." *Groh, supra,* at 558, 124 S.Ct. 1284 (underlining added). As such, Defendant's reliance on *Groh,* Defendant's Supplemental Response at 2–4, is misplaced. *See George, supra,* at 76.

Additionally, the premises to be searched, 2777 Elmwood Avenue, Tonawanda, New York, upper, is plainly described on the face of the search warrant and in bold letters at page five of the Granville Affidavit. Court Exhibit A; Attachment 1 to Government's Response at 5. Accordingly, the court finds that the Granville Affidavit, incorporated by reference on the face of the warrant, and as attached to the search warrant when issued, sufficiently describes the place to be searched and the tangible items to be seized.[6] As such, the court finds that upon this record, the particularity requirement of the Fourth Amendment was satisfied by

---

**6.** Defendant does not dispute that when executed, the application including paragraphs 8(A) and (B) of the Granville Affidavit were attached to the warrant and thus complied with the particularity requirements as construed by *Groh. See George, supra.* Moreover, the possibility of misexecution is obviated by the fact that Agent Granville supervised the execution of the warrant. *See* Court Exhibit A—Return signed by Agent Granville and dated April 27, 2005.

the application and search warrant at issue, and Defendant's motion to suppress on this ground should therefore be DENIED.

### D. Officer's Good Faith Reliance on the Warrant

 Defendant nevertheless maintains that the date of execution of the search warrant as noted on the warrant, April 30, 2004, renders the warrant so facially deficient that it cannot be sustained under the *Leon* good faith exception to the Exclusionary Rule. Defendant's Supplemental Response at 3. Specifically, Defendant contends the officers executing the search warrant could not have "reasonably presume[d] it to be valid" based on the discrepancy between the date the search was to be executed, and the date of issuance, as noted in the warrant, requiring suppression of the evidence seized pursuant to the search. Defendant's Supplemental Response at 3. As stated, *Discussion, supra,* at 8, the Government contends the discrepancy was insignificant in nature, and that "the warrant was not so facially lacking in probable cause as to preclude the executing officer's good faith reliance thereon." Government Response at 14 (citing *United States v. Leon,* 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

 In *United States v. Leon,* the court found the good faith exception to the Exclusionary Rule does not apply in certain situations, including (1) where the issuing magistrate has been knowingly misled; (2) where the judicial role was wholly abandoned by the issuing magistrate; (3) where the search warrant application is so lacking in indicia of probable cause as to render reliance on it unreasonable; and (4) where the warrant is so facially deficient

that the executing agent's reliance on it is unreasonable. *Leon, supra,* at 923, 104 S.Ct. 3405.

Here, the court has determined the error in the dates on the search warrant, relied upon by Defendant, to be merely inadvertent and inconsequential. *Discussion, supra,* at 10. The obvious and correct date by which the court intended the search to be conducted, April 30, 2005, is easily ascertained by a comparison between the contemporaneous date, *i.e.,* April 25, 2005, the warrant and application submitted in support were (apparently) signed by the court and Agent Granville.[7] Further, as the warrant incorporates by reference the description of items to be seized as stated in the Granville Affidavit which was attached to the warrant, it is not so facially deficient that a reasonable officer's reliance on it would be unreasonable. As such, the court finds meritless Defendant's assertion that "[a]ny policeman worth his salt would have realized that [the warrant] was facially deficient." Defendant's Supplemental Response at 3. To the contrary, given that the Granville Affidavit, and the warrant, were both contemporaneously signed on April 25, 2005, a reasonable police officer would readily perceive that the 10 day execution limit date of April 30, 2004 was an apparent error that did not vitiate the warrant's validity. Based on the foregoing, the Defendant's motion to suppress based on facial insufficiency and *Leon* is without merit and should be DENIED.

### CONCLUSION

Based on the foregoing, Defendant's request for a bill of particulars (Doc. No. 12) is DENIED. Defendant's motion to sup-

---

**7.** *See* Discussion, *supra,* at 359 n. 4, noting possibility that warrant was actually issued

April 26, 2005.

press (Doc. Nos.12) should also be DE-NIED.

SO ORDERED, as to Defendant's motion for bill of particulars,

Respectfully submitted as to Defendant's motion to suppress,

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Government and the Defendant.

SO ORDERED.

June 26, 2006.